Argued and submitted October 16, affirmed on appeal; reversed and remanded on cross-appeal November 29, 1995

Darrell LANZ,
Mary Lanz and Brent Lanz,
*Appellants - Cross-Respondents,*

*v.*

DOUGLAS TOOL & ENGINEERING, INC.,
a California corporation, nka Karl J. Wert,
dba Emerald Valley Manufacturing,
and Karl J. Wert,
*Defendants,*

*and*

Daryl NICHOLS
and Rosemary Nichols, husband and wife,
*Respondents - Cross-Appellants.*

(16-93-04623; CA A84963)

907 P2d 1128

Donald R. Slayton argued the cause and filed the briefs for appellants - cross-respondents.

F. William Honsowetz argued the cause for respondents - cross-appellants. With him on the briefs were Jeffrey E. Potter and Lombard, Gardner, Honsowetz, Potter & Budge.

Before Riggs, Presiding Judge, Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Plaintiffs are the owners of an industrial building, which they leased to Douglas Tool and Engineering, Inc. They first brought this action in Lane County District Court against Douglas Tool, its principal, Karl Wert, now dba Emerald Valley Manufacturing, and Karl Wert individually and as personal guarantor of the lease, attempting to collect delinquent lease payments and asserting entitlement to a landlord's lien, pursuant to ORS 87.162. Plaintiffs attempted to take possession of Douglas Tool's personal property on the leased premises by changing the locks.

During the pendency of this action, Douglas Tool moved its entire business operation to a building owned by defendant Nichols. Shortly thereafter, plaintiffs transferred their action to circuit court and amended their complaint to include claims against all defendants for breach of the lease and against Wert and Nichols both for conversion of the assets of Douglas Tool, in violation of plaintiffs' statutory lien, and for intentional interference with contractual relations.[1]

Douglas Tool filed for bankruptcy, staying any further litigation against it. Plaintiffs obtained a judgment by default against Karl Wert, individually and dba Emerald Valley Manufacturing. The case proceeded to trial on claims against Nichols for conversion and intentional interference with contractual relations, for which plaintiffs sought compensatory and punitive damages. The jury returned a verdict finding Nichols liable on both claims and awarding punitive damages. Before the jury was discharged and while the case could still have been resubmitted, Nichols' counsel and the court noted on the record that the verdict was probably defective because, with respect to each claim, the awards of compensatory damages did not support an award of punitive damages.[2] Plaintiffs elected not to object to the verdict and did not seek to resubmit the case to the jury. The trial court

---

[1] Nichols are the only defendants appearing on appeal.

[2] Nominal compensatory damages were awarded in one claim. In the other, the compensatory damages were to be determined based on whatever amount Nichols recovered in the bankruptcy proceeding. Because of our disposition of the cross-appeal, we need not address whether the compensatory awards were sufficient to support the punitive damages awards.

subsequently entered a judgment vacating the award of punitive damages on both claims, and plaintiffs appeal.

In their cross-appeal, Nichols assign error to the trial court's denial of their motions for directed verdicts on the two claims. Because we agree that the court should have granted the motions, we reverse the judgment for plaintiffs and need not consider their assignment of error.

■ In reviewing the denial of Nichols' motions for a directed verdict, we view the evidence, including all reasonable inferences drawn therefrom, in the light most favorable to plaintiffs. The verdict cannot be set aside unless there was no evidence from which a reasonable jury could find facts sufficient to establish the elements of the claims. *Brown v. J. C. Penney Co.*, 297 Or 695, 705, 688 P2d 811 (1984).

■■ On the conversion claim, Nichols assert that there was no evidence from which the jury could determine plaintiffs' damages as a result of the alleged conversion. We agree. Ordinarily, the measure of damages in a claim for conversion of personal property is the reasonable market value of the property at the time of its conversion. *Hall v. Work*, 223 Or 347, 357, 354 P2d 837 (1960). However, because plaintiffs' interest in the property is based on their landlord's lien, rather than on their outright ownership of the property, their damages are determined based on the value of their lien. Accordingly, the initial matter to be resolved is the value of the lien, not the value of the property allegedly converted. *Nichols v. Jackson County Bank*, 136 Or 302, 298 P 908 (1931). Although plaintiffs put on evidence concerning lost rents and expenses incurred as a result of Douglas Tool having vacated the premises, that evidence was offered to establish damages in the claim of intentional interference. Plaintiffs do not contend that that is evidence from which the jury could determine damages on the conversion claim. Rather, they focus solely on the value of the property allegedly converted. The jury was never advised that plaintiffs' damages in the conversion claim would depend on the value of their lien or that it could consider evidence of lost rents and the expense of finding a new tenant in determining plaintiffs' damages in the conversion claim. The effect of the failure to tie that evidence to the conversion claim is that the

jury had no basis on which to determine the value of plaintiffs' lien or, consequently, their damages. Plaintiffs simply failed in their burden of proof. Accordingly, the trial court erred in denying Nichols' motion for a directed verdict on the conversion claim.

On the intentional interference claim, Nichols contends that there was no evidence from which a jury could find that Nichols intentionally interfered with plaintiffs' lease with Douglas Tool or Wert with an improper motive or improper means. *Ron Tonkin Gran Turismo v. Warehouse Motors*, 46 Or App 199, 208, 611 P2d 658, *rev den* 289 Or 373 (1980). In their response, plaintiffs "submit there is ample evidence from which the trier of fact could find not only intentional interference with Plaintiffs' contractual relations with WERT, but that harm resulted therefrom." On appeal, plaintiffs have failed to direct us to that evidence. Accordingly, we conclude that the trial court erred in failing to grant Nichols' motion for directed verdict on the intentional interference claim.

Affirmed on appeal; on cross-appeal, reversed and remanded for entry of judgment for defendants Nichols.